OPINION JUDGMENT ENTRY
{¶ 1} Appellant Lana Johnson appeals from the judgment entered in the Stark County Court of Common Pleas, Family Court Division, which terminated all parental rights, privileges and responsibilities of her daughter Amy Cohoon with regard to her minor child (Appellant's grandchild) and ordered that permanent custody of the minor child be granted to the Stark County Department of Job and Family Services [hereinafter SCDJFS].
{¶ 2} This appeal is expedited, and is being considered pursuant to App.R. 11.2(C). The relevant facts leading to this appeal are as follows.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} The undisputed facts are as follows:
{¶ 4} Amy Cohoon is the natural mother of Mary Rose Cohoon who was born on August 26, 1998. At the time of December 8, 2003, Permanent Custody hearing, Amy was eighteen years old. Amy was approximately twelve years old when she became pregnant with Mary Rose. The father of the minor child was Appellant's live-in boyfriend. Appellant is the mother of Amy Cohoon and the maternal grandmother of the minor child Mary Rose Cohoon. Amy testified that her mother's boyfriend began sexually abusing her when she was about twelve years old. (T. at 16-18). Amy states that she told her mother about the sexual abuse but her mother called her a liar and the abuse continued until a case worker found out she was pregnant. (T. at 17). Appellant admits that she did not believe her daughter at that time but that she now believes that the abuse occurred. (T. at 31). However, Appellant places the blame on Amy and her then live-in boyfriend. Id.
{¶ 5} Amy also testified to a history of domestic violence between Appellant and herself that occurred when she lived with Appellant. (T. at 15). Appellant acknowledged that domestic violence occurred in her home between herself and her children. (T. at 30).
{¶ 6} On October 25, 2002, SCDJFS moved for temporary custody of Mary Rose Cohoon and filed a Complaint in the Stark County Court of Common Pleas, Family Court Division, alleging that the minor child was a dependent, neglected and abused child.
{¶ 7} On November 22, 2002, Appellant Lana Johnson, the maternal grandmother of the minor child stipulated to a finding of dependence for the minor child and the child was placed in the temporary custody of the SCDJFS.
{¶ 8} On September 25, 2003, the SCDJFS filed a Motion for Permanent Custody of the minor child. A hearing was held on said Motion on December 8, 2003. At said hearing, counsel for Appellant Lana Johnson made an oral motion for a change of custody to Appellant.
{¶ 9} On January 21, 2004, the trial court issued a Judgment Entry and Findings of Fact and Conclusions of Law terminating all parental rights, denying a change of legal custody to Appellant and granting permanent custody to the SCDJFS. It is from this Judgment Entry that appellant now appeals.
 ASSIGNMENT OF ERROR
{¶ 10} "I. The trial court abused its discretion and/or erred as a matter of law when it failed to grant custody of the minor child to maternal grandmother lana johnson."
 I.
{¶ 11} In her sole assignment of error, Appellant contends that the trial court abused its discretion and/or erred in failing to grant custody of the minor child to her, the minor child's maternal grandmother. We disagree.
{¶ 12} R.C. § 2151.412 states, in relevant part:
{¶ 13} "In the agency's development of a case plan and the court's review of the case plan, the agency and the court shall be guided by the following general priorities:
{¶ 14} "* * *
{¶ 15} "(2) If both parents of the child have abandoned the child, have relinquished custody of the child, have become incapable of supporting or caring for the child even with reasonable assistance, or have a detrimental effect on the health, safety, and best interest of the child, the child should be placed in the legal custody of a suitable member of the child's extended family;
{¶ 16} "* * *
{¶ 17} "(5) If the child cannot be placed with either of his parents within a reasonable period of time or should not be placed with either, if no suitable member of the child's extended family or suitable non-relative is available to accept legal custody of the child, and if the agency has a reasonable expectation of placing the child for adoption, the child should be committed to the permanent custody of the public children services agency or private child placing agency."
{¶ 18} The language of R.C. § 2151.412(G) is precatory rather than mandatory. In Re: Hiatt (1983), 86 Ohio App.3d 716; InRe: Dixon (Nov. 29, 1991), Lucas App. No. L-91-021, unreported;In Re: Cundiff (Nov. 20, 1995), Stark App. No. 1995 CA 00102, unreported. Consequently, this statute does not require the trial court to act in a specific manner, but rather suggests criteria to be considered in making its decision regarding case plan goals. Dixon, supra.
{¶ 19} The evidence presented at the permanent custody hearing established the Department had considered Appellant, the maternal grandmother of the minor child, for placement of the child, but there were significant issues to be addressed. The Department requested that Appellant submit to a psychological evaluation due to concerns over her parenting abilities. Dr. Gerald Bello, who conducted the psychological evaluation, testified Appellant was of borderline intelligence. (T. at 41). He further testified that while "she should have the ability to make basic decisions regarding parenting" but that if the child "had special problems" or "became difficult or something like that" that such "would tax her resources". (T. at 41-42).
{¶ 20} Dr. Bellow also stated that Appellant presented with some health problems and that her history with her own children included issues of domestic violence as well as housing problems and problems with "keeping things together." (T. at 48).
{¶ 21} As stated previously, the trial court also heard testimony from both Appellant and the minor child's mother concerning the history of domestic violence and sexual abuse that occurred in Appellant's home.
{¶ 22} Appellant testified that she is not employed and that her only source of income is SSI. (T. at 27). She stated that in the past three years she has moved three times. (T. at 28). She also testified that of her three children, only one remains in her custody. Id.
{¶ 23} Ms. Van Wey, the on going service provider assigned by the SCDJFS, testified that the minor child had been in the temporary custody of the SCDJFS for a period of twelve of the prior twenty-two consecutive months. (T. at 73). She further testified that Appellant and her family had a history of involvement with the SCDJFS for the past fifteen years. Id. She stated that she would not recommend that placement or custody be granted to Appellant. (T. at 127).
{¶ 24} Based upon the above, we find the trial court did not abuse its discretion in failing to grant custody of the child to Appellant.
{¶ 25} Appellant's sole assignment of error is overruled.
{¶ 26} The judgment of the Stark County Court of Common Pleas, Juvenile Division is affirmed.
Boggins, J., Wise, P.J. and Edwards, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Juvenile Division, Stark County, Ohio, is affirmed. Costs assessed to Appellant.